IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEANNA RUTHERFORD                    *

          Plaintiff              *

          vs.                    * CIVIL ACTION NO. MJG-03-1329

CRU BUILDING CORPORATION         *

          Defendant
*        *        *        *        *        *        *        *        *

<u>MEMORANDUM AND ORDER RE JUDGMENT</u>

The Court has before it the Jury Verdict and has

considered the Judgment to be entered herein.

The Jury found that:

1.   Plaintiff had established her retaliatory
     termination claim.

2.   She was entitled to back pay in the amount of
     $33,714.99

3.   She was entitled to compensatory damages of
     $3,372.

4.   In its discretion, she was awarded $65,000 in
     punitive damages.

In this case, Plaintiff based her claim on Title VII and

on the Equal Pay Act.

Defendant has presented a defense against the Equal Pay

Act claim based upon the fact that Plaintiff did not file any

written complaint against the alleged discriminatory

compensation[1].   Thus, if Defendant were correct, Plaintiff

would be entitled to a Judgment based upon Title VII and not

the Equal Pay Act.   However, in the instant case, the

Judgment would be the same with, or without recognition of the

Equal Pay Act claim.   Accordingly, the Court shall determine

the Judgment as if Plaintiff prevailed on her Title VII claim

and not her Equal Pay Act claim.

Under Title VII the amount of Plaintiff's back pay award

is determined by the Judge and not the jury.   The Court,

having heard the evidence finds that it agrees fully with the

jury verdict.   Accordingly, as a fact finder, the Court hereby

determines that Plaintiff shall recover back pay in the amount

of $33,714.99.

If the Court were to treat the recovery as one under the

Equal Pay Act, it would decide whether to award liquidated

damages.   In view of the jury award of punitive damages, the

Court would not add an award of liquidated damages to the

punitive damage award.

Finally, under Title VII the Court has discretion to

award prejudgment interest on back pay award.   See Grove v.

Frostburg Nat. Bank, 549 F. Supp. 949 (D. Md. 1982).   The

---

[1]     Of course, there are issues presented as to the
effect of a written complaint requirement when the claim in
suit is for retaliation.

Court hereby exercises that discretion to award prejudgment interest.  The prejudgment interest shall be awarded for the period from the end of the last month for which back pay was awarded (August, 2003) through the end of the month prior to trial (May, 2005) and calculated at the rate of six per cent simple interest.  Thus, for 21 months, the prejudgment interest is 10.5% of $ 33,714.99 or $ 3,540.07.

Accordingly Judgment shall be entered for Plaintiff against Defendant as follows:

| | |
|---|---|
| Back Pay | $ 33,714.99 |
| Prejudgment Interest | 3,540.07 |
| Compensatory Damages | 3,372.00 |
| Punitive Damages | 65,000.00 |
| Total | $ 105,627.06 |

SO ORDERED, on <u>Thursday, June 23, 2005</u>.

/ s /<br>
Marvin J. Garbis<br>
United States District Judge